UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN FERBES CARRASCO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-662 |
| | § | |
| CITY OF BRYAN, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant City of Bryan, Texas' ("the City") motion to dismiss Plaintiff Juan Febres Carrasco's original petition. Doc. 7. Carrasco, proceeding *pro se*, filed his original petition on January 19, 2011 in the 361st Judicial District for Brazos County asserting state law negligence claims and violation of his constitutional rights pursuant to 42 U.S.C. § 1982 against the City. Doc. 1-1. On February 23, 2011, the City removed that case to this Court on the grounds of the Court's federal question jurisdiction. Doc. 1. On March 14, the City moved to dismiss Carrasco's original petition on the grounds that his claims are barred by the doctrine of *res judicata*.

Having considered Defendant's motion, the facts of this case, and the applicable law, the Court finds that Carrasco's case is barred by *res judicata* and should be dismissed. The Court therefore grants the City's motion to dismiss.

Background

This case arises out of the City's failure to approve a plat for development of Carrasco's property. *See* Doc. 1-1 at 4. Carrasco purchased a piece of land in Brazos County on August 24, 2000. *Id.* In August of 2003, Carrasco submitted blueprints for a proposed development of that land to the City for approval. *Id.* After numerous communications between Carrasco and the

City, and after Carrasco allegedly conducted improvements to the property at the City's request, the City notified Carrasco in October, 2006 that it was not approving his proposed plat. *Id.* at 6.

On March 11, 2010, Carrasco, proceeding *pro se*, filed a suit against the City of Bryan in the 361st District Court of Brazos County in which he claimed that the City negligently failed to approve his plat. Doc. 7-1. Carrasco concedes that the district court dismissed his petition with prejudice on the grounds of the City's sovereign immunity on December 28, 2010. Doc. 8 at 1.

On May 10, 2010, Carrasco filed a second suit against the City in the 361st District Court in which he asserted state law discrimination claims based on facts identical to those asserted in his first suit. Doc. 7-3 at 1. On June 16, Carrasco withdrew his claims against the City. Doc. 8 at 24.

On January 19, 2011, Carrasco filed this action against the City in the 361st District Court based on facts identical to those contained in his previous two suits. Doc. 1-1 at 3. In this action, Carrasco brings claims for negligence and for "deprivation of rights and privileges." *Id.* at 7. The City removed the case to this Court on February 23. Doc. 1. On March 14, the City moved to dismiss pursuant to Rule 12(b)(6) on the grounds that Carrasco's factual claims in this action are identical to those he asserted in two previous state court actions, one of which was dismissed with prejudice, and that this case therefore is barred by *res judicata*, and that Carrasco's claims are barred by the applicable statutes of limitations. Doc. 7 at 2.

Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in

conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556.

Analysis

The City moves to dismiss this case on the grounds that "Plaintiff's Original Petition in this lawsuit is essentially identical to Plaintiff's Original Petitions in the first and second lawsuits . . . [which] the 361st District Court dismissed, with prejudice . . . [and therefore] Plaintiff's claims, in their entirety, in the instant suit are barred by *res judicata*." Doc. 7 at 3. The doctrine of *res judicata* prevents relitigation of previously determined legal disputes. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (*quoting Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). A federal court determining the preclusive effect of a previous state court judgment applies the state law of *res judicata*. *Wainscott v. Dall. Cnty.*, 408 F. App'x. 813, 815

(5th Cir.2011).

Texas courts "follow the transactional approach, which bars a subsequent suit if it 'arises out of the same subject matter of a previous suit and which, through the exercise of diligence, could have been litigated in a prior suit.'" *Id.. See also Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). "Further, the rule of *res judicata* in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried." *Abbott Lab. v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971) (citations omitted).

"Under Texas law, three elements must be satisfied in order for *res judicata* to be appropriate: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.'" *Berkman v. City of Keene*, 2011 WL 3268214 (N.D.Tex. 2011) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

The doctrine of *res judicata* clearly bars the current action. The dismissal with prejudice of Carrasco's first state court action satisfies the first element of *res judicata*. In Texas, a dismissal with prejudice constitutes a "final judgment on the merits" for the purposes of *res judicata*. *See Harris County v. Sykes*, 136 S.W.3d 635 (Tex. 2004); *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (per curiam) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."); *Swearingin v. Estate of Swearingin*, 2006 WL 1653294 (Tex.App.-Fort Worth 2006). The parties to that action were identical to those in the current action, thereby satisfying the second element. Finally, Carrasco brought that action on a set of facts identical to those he asserts in this case. Carrasco asserted a negligence

claim in the first action, as he does here, and could readily have asserted any and all discrimination claims arising out of the alleged facts in that case at that time. Because the doctrine of *res judicata* bars Carrasco's subsequent suit, the Court finds that the City's motion to dismiss should be granted.

Conclusion

For the forgoing reasons, the Court hereby

**ORDERS** that Defendant the City of Bryan's motion to dismiss (Doc. 7) is **GRANTED**. This case is **DISMISSED**.

SIGNED at Houston, Texas, this 19th day of March, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE